**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AXIOM INSURANCE MANAGERS, LLC, and DAN DJORDJEVIC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case no. 11 CV 4736 Honorable William T. Hart |
| | ) | |
| CAPITOL SPECIALTY INSURANCE CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

**CAPITOL'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY
JUDGMENT AND OTHER RELIEF**

Defendant, Capitol Specialty Insurance Corp ("Capitol"), by and through its attorneys,

David J. Cahill and Amy R. Miller of Swanson, Martin & Bell, LLP, states for its Answer to

Axiom Insurance Managers, LLC's and Dan Djordjevic's ("Plaintiffs") Complaint for

Declaratory Judgment and Other Relief as follows:

**THE PARTIES, JURISDICTION AND VENUE**

1.  Plaintiff Axiom Insurance Managers Agency, LLC ("Axiom") is a limited liability

company organized under the laws of the State of Illinois, with its principal place of business in

Rolling Meadows, Illinois.  Axiom is a program administrator that acts on behalf of insurers.

**Answer:**       On information and belief, Capitol admits that Axiom is a limited liability

company organized under the laws of the State of Illinois, with its principal place of business in

Rolling Meadows, Illinois.  Capitol lacks knowledge and information sufficient to form a belief

about the truth of the allegation that Axiom is a program administrator that acts on behalf of

insurers.

2.   Axiom's two members are Plaintiff Dan Djordjevic ("Djordjevic") and Neno Djordjevic.  Plaintiff Dan Djordjevic, an individual, is a citizen of the State of Illinois.  Neno Djordjevic, an individual, is also a citizen of the State of Illinois.

**Answer:**      Capitol lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 2.

3.   Defendant Capitol Specialty Insurance Corporation ("Capitol") is an insurance company organized and existing under the laws of the State of Wisconsin with its principal place of business located in Middleton, Wisconsin.  Capitol is an insurance carrier that underwrites insurance in niche markets.

**Answer:**      Capitol admits the allegations in paragraph 3.

4.   This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332, as Axiom and Capitol are citizens of different states.

**Answer:**      Capitol admits the allegations in paragraph 4.

5.   Axiom is seeking to recover damages in excess of $75,000 resulting from Capitol's refusal to honor its obligations under the policy at issue.

**Answer:**      Capitol admits the allegations in paragraph 5.

6.   Venue is proper in the district because the parties conducted and continue to conduct business in the district.

**Answer:**      Capitol admits that venue is proper in the Northern District of Illinois.

## BACKGROUND

7.   In 2009, Axiom purchased commercial general liability insurance from Capitol, Policy No. CS01333961, (the "Policy").  The Policy was effective from January 1, 2010 through January 1, 2011.

2

**Answer:** Capitol admits that Axiom purchased insurance from Capitol and that the insurance policy provided by Capitol, Policy No. CS01333961, included a Commercial General Liability Coverage Part and that the Policy was effective from January 1, 2010 to January 1, 2011. Capitol denies any allegations inconsistent with its answer hereto.

8. In 2010, Axiom renewed its Policy with Capitol so that the Policy is effective from January 2, 2011 through January 2, 2012. The relevant provisions of the Policy did not change from 2010 to 2011.

**Answer:** Capitol admits that Axiom renewed its Policy with Capitol to be effective from January 2, 2011 through January 2, 2012 and that the provisions Capitol believes to be relevant did not change substantially upon renewal. Capitol denies any allegations inconsistent with its answer hereto or inconsistent with the terms of the respective policies.

9. Axiom and Djordjevic, acting in his capacity as a member of Axiom, are defined "insureds" under the Policy.

**Answer:** Captiol admits that Axiom is an insured under the Policy. Axiom admits that Axiom's members are insureds under the Policy, but only with respect to the conduct of Axiom's business. Captiol denies knowledge and information sufficient to form a belief as to the truth of whether Djordjevic is a member of Axiom and denies any allegations inconsistent with Capitol's answer hereto.

### *The General Liability Policy*

10. Under the Policy, Capitol has agreed to defend Plaintiffs against any suit seeking damages resulting from "personal and advertising injury," and a duty to indemnify Plaintiffs against all claims made against them resulting from such injury.

**Answer:** Capitol denies the allegations in paragraph 10.

11. Capitol is required to cover Plaintiffs for "personal and advertising injury" caused by an offense arising out of Axiom's business.

**Answer:**     Capitol denies the allegations in paragraph 11.

12. "Personal and advertising injury" is defined in Section V of the General Liability Policy as:

> [I]njury, including consequential 'bodily injury," arising out of one or more of the following offenses:
>
> * * *
>
> d.     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
> e.     Oral or written publication, in any manner, of material that violates a person's right of privacy;
> f.     The use of another's advertising idea in your "advertisement"; or
> g.     Infringing on another's copyright, trade dress or slogan on your "advertisement."

**Answer:**     Capitol admits that "personal and advertising injury" is defined in Section V of the Commercial General Liability Coverage Part in part as set forth in paragraph 12. Capitol denies any allegations inconsistent with its answer hereto or inconsistent with the Policy.

13. Under the Policy, coverage does not apply to personal or advertising injury that the insured may be held liable for because of an obligation assumed by any insured in a contract or agreement *unless* the insured would be liable for damages in the absence of the contract or agreement.

**Answer:**     Capitol admits that the Policy contains a "Contractual Liability" exclusion but denies said exclusion is set forth accurately in paragraph 13 and denies any allegations inconsistent with the Policy.

14. The Policy also does not apply to any personal or advertising injury "[r]esulting from the rendering of, or failure to render, the following professional services:

    a. Advising, inspecting, reporting or making recommendations in the insured's capacity as an insurance company, consultant, broker, agent or representative thereof;

    b. Effectuating insurance, reinsurance or suretyship coverages…"

**Answer:** Capitol admits that the Policy contains an endorsement entitled "EXCLUSION – INSURANCE AND RELATED OPERATIONS" which contains, in part, the language set forth in paragraph 14 but denies that the content of the exclusion is set forth in its entirety and denies any allegations inconsistent with the Policy.

15. In or about March 2011, Indemnity Insurance Corporation ("Indemnity"), a competitor of Axiom, filed a complaint against Axiom and Djordjevic in state court in Dallas, Texas alleging, among other things, defamation, tortious interference, and violation of the Texas Insurance Code, (the "Texas Lawsuit").

**Answer:** Capitol admits that Indemnity filed a complaint against Axiom, Djordjevic, and others in state court in Dallas, Texas and that the complaint alleges causes of action sounding in, among other things, defamation, tortious interference and violation of the Texas Insurance Code. Capitol denies knowledge and information sufficient to form a belief as to the truth of the allegation that Indemnity is a competitor of Axiom and denies any allegations inconsistent with Capitol's answer hereto.

16. In the Texas Lawsuit, Indemnity alleges that Axiom, through Djordjevic, "misrepresented" to a co-defendant, Rekerdes & Associates, Inc., ("Rekerdres"), that Indemnity has a "junk rating" and would soon lose it's "A-" rating from the credit ratings agency A.M. Best. Indemnity further alleges that it "does not yet know how many misstatements about Indemnity" have been disseminated.

**Answer:**     Capitol denies that Indemnity has accurately and thoroughly set forth the operative allegations of the Texas Lawsuit in paragraph 16 but admits that the Texas Lawsuit includes allegations that Axiom and others intentionally and knowingly misrepresented that "Indemnity has a 'junk rating'" and that "A.M. Best would soon be 'making changes' to Indemnity's 'A' rating" and that Indemnity "would soon lose its stellar 'A-' A.M. Best rating" and that "Indemnity does not yet know how many misstatements about Indemnity that Rekerdres has disseminated." Capitol denies any allegations inconsistent with its answer hereto and any allegations inconsistent with the allegations in the Texas Lawsuit.

17. Based on discovery initiated by Indemnity in the Texas Lawsuit, it is apparent that one of the statements that fall into the category of other alleged "misstatements" are communications sent, on or about April 26, 2010, by former Axiom employee John Black ("Black") to his friends. In these communications, Black allegedly disparages Indemnity's financial condition, (the "Black Communications"). And, as referenced below, Indemnity has alleged that the Black Communications are defamatory.

**Answer:**     Capitol denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 17 as Capitol is not privy to the discovery which was been undertaken in the Texas Lawsuit.

18. The Black Communications were not authorized by Axiom and were not made in the course of providing insurance services.

**Answer:**     Capitol denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 18.

*Indemnity Sues Axiom in Maryland*

19. On or about April 28, 2011, Indemnity filed a second lawsuit against Axiom in

6

federal district court in Maryland, ("Maryland Lawsuit").

**Answer:**     Capitol admits that it has been provided with documents purportedly filed

by Indemnity against Axiom in the United States District Court for the District of Maryland.  As

the documents received by Capitol are not file-dated and as the case has apparently been filed

under seal, Capitol denies knowledge and information as to the truth of the allegation that the

suit was filed on April 28, 2011.

20. In the Maryland Lawsuit, Indemnity alleged it its initial Complaint that Axiom, in

violation of an agreement entered into between Axiom and Indemnity, made characterizations

and representations to third parties about Indemnity's financial condition.  As alleged in the

Complaint, these characterizations include statements that Indemnity is a "corrupt insurer" and

that Indemnity has committed "many crimes."

**Answer:**     Capitol admits that the Complaint it has been provided alleges that Axiom

breached its contract with Indemnity in making various statements about Indemnity's financial

condition, including that it is a "corrupt insurer" and has committed "many crimes," in violation

of the terms of a confidential settlement agreement.  Capitol denies any allegations inconsistent

with its answer hereto and any allegations inconsistent with the Complaint in the Maryland

lawsuit.

21. Subsequently, in July 2011, Indemnity filed a Motion for Temporary Restraining

Order and for Preliminary Injunction, as well as an Amended Complaint, in the Maryland

Lawsuit.  In both of these filings, Indemnity claims that Axiom has "mischaracterize[d]"

Indemnity's financial condition.

**Answer:**     Capitol admits that it has been provided with copies of a Motion for

Temporary Restraining Order and for Preliminary Injunction which was purportedly filed in the

Maryland Lawsuit. As the documents are not file-dated, Capitol denies knowledge and

information sufficient to form a belief as to the truth of when the motion was filed. Capitol

admits that the motion it received alleges that Axiom made misrepresentations about Indemnity's

financial condition. Capitol denies knowledge and information sufficient to form a belief as to

the truth of the allegations in paragraph 21 relating to an Amended Complaint and denies any

other remaining allegations inconsistent with its answer hereto.

22. Indemnity alleges in the Maryland Lawsuit that the Black Communications constitute

mischaracterizations of its financial condition.

**Answer:** Capitol admits that the Complaint in the Maryland lawsuit alleges that the

Black Communications constituted characterizations of Indemnity's financial condition but

denies that the Complaint alleges that the Black Communications constitute

"mischaracterizations." Capitol admits that the Motion for Temporary Restraining Order and for

Preliminary Injunction states that the Black Communications constitute misrepresentations of

Indemnity's financial condition. Capitol denies knowledge and information sufficient to form a

belief as to the truth of whether the allegations in paragraph 22 are contained in some other

pleading which Capitol has not been provided and is not a matter of public record.

23. Indemnity also alleges in the Maryland Lawsuit that Axiom disparaged Indemnity

when it filed a separate pleading in the Texas Lawsuit.

**Answer:** Capitol denies that the Complaint filed in the Maryland lawsuit makes the

allegation set forth in paragraph 23. Capitol admits that the Motion for Temporary Restraining

Order and for Preliminary Injunction states that Axiom communicated unauthorized and

confidential financial information in conjunction with the Texas lawsuit. Capitol denies

knowledge and information sufficient to form a belief as to the truth of whether the allegation in

paragraph 23 is contained in some other pleading which Capitol has not been provided and is not

a matter of public record. Capitol denies all remaining allegations.

### *Indemnity Files Rule 11 Motion Against Axiom in Illinois*

24. In March, 2011, Axiom filed a complaint against Indemnity in the district court of the

Northern District of Illinois alleging, among other things, that Indemnity has misrepresented its

financial condition to insureds, regulators, and others in violation of the Lanham Act, ("Illinois

lawsuit").

**Answer:** Assuming Axiom is referring to case 11-cv-02051, Capitol admits that

Axiom filed a complaint against Indemnity alleging violation of the Lanham Act and other

causes of action. Capitol denies any allegations inconsistent with the Complaint in case number

11-cv-02051.

25. On or about July 1, 2011, Indemnity filed a Rule 11 Motion ("Rule 11 Motion"). The

Rule 11 Motion seeks, *inter alia*, damages arising out of the allegedly false statements about

Indemnity's financial condition.

**Answer:** Assuming Axiom is referring to case 11-cv-02051, Capitol admits that the

public record indicates that Indemnity filed a Rule 11 Motion on June 30, 2011 but denies that

the motion seeks damages arising out of the allegedly false statements about Indemnity's

financial condition.

26. Axiom timely tendered the defense of the Texas Lawsuit, the Maryland Lawsuit, and

the Rule 11 Motion filed in the Illinois Lawsuit to Capitol.

**Answer:** Capitol admits that Axiom timely tendered the defense of the Texas and

Maryland Lawsuits but denies that Axiom timely tendered the defense of the Rule 11 Motion

filed in the Illinois Lawsuit.

*Capitol Denies Coverage With Respect to the Texas Lawsuit*

27. In a letter dated June 1, 2011, Capitol argues that the claims asserted by Indemnity against Axiom and Djordjevic in the Texas lawsuit are excluded from coverage by the language of the "professional services" exclusion, which precludes coverage for personal and advertising injury that results while the insured is "advising, inspecting, reporting or making recommendations in the insured's capacity as an insurance company, consultant, broker, agent, or representative thereof."

**Answer:** Capitol admits that, in correspondence dated June 1, 2001, counsel for Capitol denied Capitol owed coverage for the Texas Lawsuit but denies that Plaintiffs have accurately set forth in paragraph 27 the bases for Capitol's coverage denial.

28. Indemnity, however, is effectively alleging in the Texas Lawsuit that the Black Communications constitute defamation. The Black Communications were not sent in the course of Axiom's capacity as an insurance company, consultant broker, agent or representative.

**Answer:** Capitol denies that the allegations of the Texas Lawsuit are accurately set forth in paragraph 28 and further denies that the allegations in paragraph 28 establish that coverage is owed under the Capitol Policy.

29. The "professional services" exclusion cited by Capitol, therefore, does not apply.

**Answer:** Capitol denies the allegations in paragraph 29.

*Capitol Denies Coverage in the Maryland Lawsuit*

30. In a letter dated June 2, 2011, Capitol denied coverage to Axiom in the Maryland Lawsuit on the grounds that: (1) it does not appear that disparaging remarks about an organization's financial condition fall within the scope of "personal and advertising injury," as defined in the Policy, and (2) the damages asserted by Indemnity in the lawsuit arise out of a

claim of breach of settlement agreement, not out of a tort for slander, libel or disparagement, and therefore, the "Contractual Liability" exclusion found in Paragraph 2(e) of the Policy excludes coverage of Indemnity's claims. Indemnity is an insurance company. An insurance company's financial health is one measure of the company's ability to pay claims.

**Answer:**     Capitol admits that, in correspondence dated June 2, 2001, counsel for Capitol denied Capitol owed coverage for the Maryland Lawsuit but denies that Axiom has accurately set forth in paragraph 30 the bases for Capitol's coverage denial. Capitol admits, upon information and belief, that Indemnity is an insurance company and admits that an insurance company's financial health is one measure of its ability to pay claims but denies that said allegations have any relevance to the question of coverage in this matter.

31. Under the Policy, "personal and advertising injury" is defined as material that "slanders or libels a person or organization or disparages a person's or organization's goods, products or services." Accordingly, disparaging remarks about Indemnity's financial health constitute "personal and advertising injury" as defined in the Policy.

**Answer:**     Capitol denies that the allegations in paragraph 31 accurately state the definition of "personal and advertising injury" in the Capitol policy and denies that the Maryland Lawsuit alleges "personal and advertising injury" covered by the Capitol Policy. Capitol denies any allegations inconsistent with its answer hereto.

32. Capitol also asserted that the "Contractual Liability" exclusion in Paragraph 2(e) of the Policy applies because: "Although the Indemnity asserts in its Complaint that Axiom made numerous characterizations and representations about Indemnity's financial condition, it never asserts that these characterizations or representations are false or misleading."

**Answer:**     Capitol denies the allegations in paragraph 32.

11

33. The Amended Complaint and the Motion for Temporary Restraining Order filed in the Maryland Lawsuit alleges that Axiom has "mischaracterized" Indemnity's financial condition. In other words, Indemnity has alleged that Axiom has made false statements about Indemnity.

**Answer:** Capitol admits that the Motion for Temporary Restraining Order and for Preliminary Injunction alleges that Axiom misrepresented Indemnity's financial condition and denies any allegations inconsistent with the Motion for Temporary Restraining Order and for Preliminary Injunction. Capitol denies knowledge and information sufficient to form a belief as to the truth of what is contained in the Amended Complaint referenced in paragraph 33.

34. These allegations are such that even without the contract, Axiom is potentially liable.

**Answer:** Capitol denies that the allegations in the Maryland lawsuit are such that Axiom is potentially liable for damages other than as the result of a breach of contract. Capitol denies any remaining allegations.

35. Accordingly, the "Contractual Liability" exclusion in Paragraph 2(e) of the Policy does not apply.

**Answer:** Capitol denies the allegations in paragraph 35.

36. Capitol further stated in its denial letter that it has "serious concerns" that Capitol was never notified of the prior lawsuits between Axiom and Indemnity in 2009, which culminated in a settlement agreement between the parties.

**Answer:** Capitol admits that, in its letter of June 2, 2011, it raised concerns about Axiom not properly informing Capitol of the prior lawsuits which were settled in 2010, after Capitol's policy was in existence, but denies that Axiom accurately represents Capitol's statement in paragraph 36.

37. In 2009, Axiom had commercial general liability insurance with a different insurance carrier, not with Capitol. Therefore, Axiom did not have a duty to notify Capitol of the prior lawsuits.

**Answer:** Capitol denies knowledge and information sufficient to form a belief as to the truth of the allegation regarding Axiom having insurance with another carrier in 2009 although Capitol admits Axiom did not have insurance with Capitol in 2009. Capitol denies that Axiom did not have a duty to notify Capitol of the prior lawsuits.

### *The Rule 11 Motion*

38. In the Rule 11 Motion filed in the Illinois Lawsuit, Indemnity again contends that Axiom's representations about Indemnity's financial condition are "demonstrably and indisputably wrong" and that the statements have caused Indemnity damages.

**Answer:** Assuming paragraph 38 refers to case 11-cv-02051, Capitol admits that, for purposes of furthering its argument that Axiom's pleadings violate Rule 11, Indemnity states that Axiom's representations about various financial matters are demonstrably and indisputably wrong. Capitol denies that the Rule 11 Motion alleges or claims damages as a result of the statements themselves as opposed to the allegedly frivolous pleadings.

39. The allegations against Axiom in the Rule 11 Motion constitute "personal and advertising injury" as defined by the Policy.

**Answer:** Capitol denies the allegations in paragraph 39.

40. No exclusions in the Policy preclude Capitol from providing coverage to Axiom with respect to the Rule 11 Motion in the Illinois Lawsuit.

**Answer:** Capitol denies the allegations in paragraph 40.

## COUNT I – BREACH OF CONTRACT

41. Plaintiffs reassert and reallege the allegations of paragraphs 1 through 40 as if fully set forth herein.

**Answer:** Capitol restates and incorporates herein by reference its answers to paragraphs 1 through 40 as its answer to paragraph 41 as though fully set forth herein.

42. The Policy constitutes a contract between the Parties.

**Answer:** Capitol admits the allegations in paragraph 42.

43. The allegations made by Indemnity against Axiom in the Maryland Lawsuit constitute a "personal and advertising injury" as contemplated in the Policy.

**Answer:** Capitol denies the allegations in paragraph 43.

44. The allegations made by Indemnity against Axiom and Djordjevic in the Texas Lawsuit constitutes a "personal and advertising injury" as contemplated by the Policy.

**Answer:** Capitol denies that the Texas Lawsuit alleges a covered "personal and advertising injury" under the Policy and denies any allegations inconsistent with its answer hereto.

45. The allegations made by Indemnity against Axiom in the Rule 11 Motion filed in the Illinois Lawsuit constitutes a "personal and advertising injury" as contemplated in the Policy.

**Answer:** Capitol denies the allegations in paragraph 45.

46. No exclusions in the Policy preclude Capitol from providing coverage to Axiom in the Maryland Lawsuit, to Axiom and Djordjevic in the Texas Lawsuit, or to Axiom with respect to the Rule 11 Motion.

**Answer:** Capitol denies the allegations in paragraph 46.

47. Capitol, therefore, has a duty to defend and to indemnify Axiom in the Maryland Lawsuit, Axiom and Djordjevic in the Texas Lawsuit, and Axiom with respect to the Rule 11 Motion.

**Answer:**     Capitol denies the allegations in paragraph 47.

48. Capitol has refused to defend or to indemnify Plaintiffs in the Maryland Lawsuit and in the Texas Lawsuit, and has not responded to Axiom's request to defend and indemnify it with respect to the Rule 11 Motion.

**Answer:**     Capitol admits that it has refused to defend or indemnify Plaintiffs in the Maryland and Texas Lawsuits and, upon information and belief, denies that Axiom has ever requested that Capitol defend it with respect to the Rule 11 Motion; therefore, Capitol denies that it has refused to respond to Axiom regarding the Rule 11 Motion.

49. Capitol has breached the Policy in one or more of the following ways:  (a) by refusing to defend or indemnify Axiom in the Maryland Lawsuit, (2) by refusing to defend or indemnify Axiom and Djordjevic in the Texas Lawsuit, and (3) by not defending or indemnifying Axiom with respect to the Rule 11 Motion filed in the Illinois Lawsuit.

**Answer:**     Capitol denies the allegations in paragraph 49.

50. As a result of Capitol's breaches of its duties under the Policy, Plaintiffs have been damaged and have incurred interest, costs, expenses, and attorney's fees in defending the Maryland Lawsuit, the Texas Lawsuit, and the Rule 11 Motion.

**Answer:**     Capitol denies the allegations in paragraph 50.

51. Plaintiffs have fulfilled all of their obligations under the Policy.

**Answer:**     Capitol denies the allegations in paragraph 51.

## COUNT II – DECLARATORY JUDGMENT

52. Plaintiffs reassert and reallege the allegations of paragraphs 1 though 40 as if fully set forth herein.

**Answer:** Capitol restates and incorporates herein by reference its answers to paragraphs 1 through 40 as its answer to paragraph 52 as though fully set forth herein.

53. There presently exists an actual controversy with respect to whether Capitol has an obligation to defend and indemnify Plaintiffs with respect to the Maryland Lawsuit, the Texas Lawsuit, or the Rule 11 Motion.

**Answer:** Capitol admits the allegations in paragraph 53.

54. The terms of the Policy require Capitol to defend and to indemnify Plaintiffs with respect to the Maryland Lawsuit, the Texas Lawsuit, and the Rule 11 Motion.

**Answer:** Capitol denies the allegations in paragraph 54.

55. The underlying lawsuits at issue in this matter – the Maryland Lawsuit, the Texas Lawsuit, and the Illinois Lawsuit – include identical parties and identical allegations. Rulings in any one lawsuit will affect the proceedings in another case.

**Answer:** Capitol denies the allegations in paragraph 55.

56. Therefore, if Capitol is found to owe a duty to defend and indemnify in at least one of the underlying lawsuits, Capitol owes a duty to defend and indemnify Axiom (and Djordjevic) in all three lawsuit.

**Answer:** Capitol denies the allegations in paragraph 56.

WHEREFORE, Capitol Specialty Insurance Corp respectfully denies that Plaintiffs are entitled to the relief sought in their Complaint for Declaratory and Other Relief and requests that

judgment be entered in favor of Capitol in accordance with its Counterclaim and for any other

and such further relief as this Court deems just and equitable.


Respectfully submitted,

**CAPITOL SPECIALTY INSURANCE CORP**


By:     _/s/ Amy R. Miller_____
Amy R. Miller
One of its attorneys

David J. Cahill (dcahill@smbtrials.com)
Amy R. Miller (amiller@smbtrials.com)
Swanson, Martin & Bell, LLP
2525 Cabot Drive, Suite 204
Lisle, Illinois 60532
(630) 799-6900
(630) 799-6901 (fax)