IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AXIOM INSURANCE MANAGERS AGENCY, LLC and DAN DJORDJEVIC, </br></br>Plaintiffs, </br></br>v. </br></br>CAPITOL SPECIALTY INSURANCE CORPORATION, </br></br>Defendant. | Case No. 11 CV 4736 </br></br>Hon. William T. Hart </br>Magistrate Geraldine Soat Brown |

**MOTION FOR LEAVE TO FILE PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN THE PUBLIC RECORD**

Plaintiffs Axiom Insurance Managers Agency, LLC ("Axiom") and Dan Djordjevic ("Djordjevic"), (collectively, "Plaintiffs"), by their attorneys, move for leave to file their Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment and Local Rule 56.1 Statement of Undisputed Material Facts in the public record, and in support of their motion state the following.

**BACKGROUND**

1. This is an insurance coverage case in which Plaintiffs seek a declaration that defendant Capitol Specialty Insurance Company ("Capitol") owes Plaintiffs a defense for underlying suits/claims made against Plaintiffs by Indemnity Insurance Corporation ("Indemnity").

2. One of the underlying suits at issue was filed by Indemnity against Axiom in federal district court in Maryland, (the "Maryland Complaint").[1] The Maryland Complaint

---

[1] This case has subsequently been transferred to the district court of the Northern District of Illinois.

alleges that Axiom disparaged Indemnity and that the disparagement breached a confidential settlement agreement entered into between Axiom and Indemnity, (the "Settlement Agreement").

3. Because the Maryland Complaint involved the alleged breach of the Settlement Agreement, Indemnity argued that the entire case should be filed under seal. The federal court in Maryland allowed the case to be sealed.

4. Indemnity continues to maintain its position that the Maryland Complaint, as well as any references to the terms of the Settlement Agreement, must remain a secret. And, on September 8, 2011, Indemnity advised this Court of its position.

5. Yet, in order to rule on Plaintiffs' Motion for Partial Summary Judgment, this Court will need to consider the allegations made in the Maryland Lawsuit.

6. For the reasons stated below, Plaintiffs agree with the position taken by the Court on September 8, 2011, and seek leave to file its entire Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment and Local Rule 56.1 Statement of Undisputed Material Facts in the public record.[2] Plaintiffs also oppose Indemnity's Motion, filed on September 13, 2011, asking that the Court reconsider its position regarding the filing of the Maryland Complaint in the public record. (Dkt. 21.)

## ARGUMENT

7. There is a long standing presumption that litigation is open to the public. *Union Oil Co. of California v. Leavell,* 220 F. 3d 562, 567 (7th Cir. 2000). "The Seventh Circuit has made clear that judicial proceedings are presumptively in the public domain." *Solaia Technology LLC v. Arvinmeritor, Inc.*, 2004 U.S. Dist. LEXIS 1019, *4 (N.D. Ill. Jan. 27, 2004).

---

[2] Because Indemnity has argued that even providing a copy of the Maryland Complaint to Indemnity's insurance carrier for the purposes of determining coverage is a breach of the Settlement Agreement, Plaintiffs are providing a copy of their Memorandum in Support of Motion for Partial Summary Judgment and Local Rule 56.1 Statement of Undisputed Material Facts to the Court's chambers until the Court has ruled on Indemnity's Motion to Allow Filing Under Seal.

To overcome this presumption, the Court must determine that good cause exists to keep documents secret. *Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F. 3d 943, 944 (7th Cir. 1999). The court must balance a party's interest in keeping information confidential against the public's right to review documents filed in court. *Neil v. Zell*, 2011 U.S. Dist. LEXIS 23226, *9 (N.D. Ill. Mar. 3, 2011).

8. To establish good cause, the party moving to keep information out of the public record must "present a detailed discussion of the information sought to be protected, supported by valid reasons and legal citations." *Id.* at *11 (citation omitted). While "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, [] when these things are vital to claims made in litigation they must be revealed." *Baxter International, Inc. v. Abbott Laboratories*, 29 F. 3d 544, 546 (7th Cir. 2002) (citing *Union Oil*). "[O]nly genuine trade secrets, or information within the scope of a requirement such as Fed. R. Crim. P. 6(e)(2) ('matters occurring before the grand jury'), may be held in long-term confidence." *Union Oil*, 220 F. 3d at 568.

9. The only justification offered by Indemnity to seal any references to the Maryland Complaint is that the confidential Settlement Agreement referenced in the complaint is "confidential." Indemnity does not claim, nor can it, that its pleadings, or even the Settlement Agreement itself, contain trade secrets or some other information whose secrecy Indemnity derives economic value from. *See Baxter v. Abbott*, 297 F. 3d at 547; *Solaia Technology*, 2004 U.S. Dist. LEXIS 1019, at * 7.

10. But, the fact that the parties agreed to keep the terms of the Settlement Agreement confidential is not sufficient to justify sealing the record now that terms of the Settlement Agreement have become the subject of litigation. In *Herrnreiter v. Chicago Housing Authority*,

the Chicago Housing Authority ("CHA") had entered a confidential settlement agreement with the plaintiff. 281 F. 3d at 636. A dispute arose over the agreement. *Id*. The CHA wanted to keep the existence of the settlement agreement, as well as the amount it paid the plaintiff a secret. *Id*. at 637. The Seventh Circuit found that by asking the Court to enforce the settlement agreement, the CHA had relinquished any claim to confidentiality. *Id.* at 636. The Court found that a desire to keep the fact or amount of payment confidential was not a trade secret:

> The CHA's desire to keep the amount of its payment quiet (perhaps to avoid looking like an easy mark, and thus drawing more suits) is not nearly on a par with national security and trade secret information.

*Id*. at 637. *See also Union Oil*, 220 F. 3d at 567 ("Calling a settlement agreement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination)").

11. This court has also rejected a party's desire to keep the existence and terms of an agreement confidential based on the rationale that it could harm the party's competitive position in the marketplace or impugn the party's character. *Solaia Technology*, 2004 U.S. Dist. LEXIS 1019, at *9. In *Solaia Technology v. Arvinmeritor*, the court found that the party had not explained how the existence and details of the agreement could be used to harm it competitively, or why this sort of harm justifies keeping the agreement secret. *Id*. In the same case, the court also rejected the party's argument that the agreement should remain confidential because the parties had earlier agreed to keep the agreement confidential. *Id*. at *10 ("Agreeing to keep information confidential does not establish that it may legitimately be kept from public view once the material enters the court record") (citation omitted).

12. Indemnity has not offered a sufficient reason to seal the Maryland Complaint in this matter. Neither the Settlement Agreement nor the Maryland Complaint filed by Indemnity

contain any trade secrets or other national security matters to overcome the presumption set forth by the Seventh Circuit that courts allow the public access to court records. Hence, Indemnity should not expect continued secrecy in this case. *See generally Union Oil*, 220 F. 3d at 567 (noting that "[e]ven disputes about claims of national security are litigated in the open," citing the Pentagon Papers case and the hydrogen bomb plans case).

13. Indemnity has also argued that this Court should honor the decisions of the Maryland Court, Judge St. Eve, and Judge Cox on the basis of comity. Indemnity's Motion to Allow Filing Under Seal, ¶ 14. Plaintiffs are not sure why Judges St. Eve and Cox have accommodated Indemnity's desire to seal the Settlement Agreement. Nor do Plaintiffs agree that the principle of comity—that is, generally "the degree of deference that a domestic forum must pay to the act of a foreign government not otherwise binding on the forum"—necessarily applies in this instance. *See Euromarket Designs, Inc. v. Crate & Barrell Ltd*, 96 F. Supp. 2d 824, 844 (7th Cir. 2000). But, in any event, Seventh Circuit authority is controlling here, and comity should not be afforded to the extent that it is at odds with the laws and public policy of the forum state. *See Daniels v. Powell*, 604 F. Supp. 689, 693 (N.D. Ill. 1985).

14. Indemnity also argues that Axiom did not seek to unseal the Maryland Complaint while the case was pending in Maryland. That is true; but when the case was pending in Maryland it was covered by Fourth Circuit law. Now the case is pending in the Seventh Circuit. *Herrnreiter* is therefore controlling.

15. Moreover, much of the information which Indemnity seeks to seal is already part of the public record. For example, Judge St. Eve's decision denying (in substantial part) Indemnity's motion to dismiss is a public document (*see* Docket No. 92, Case No. 11-CV-2051).

For all of the foregoing reasons, Plaintiffs request leave to file their Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment and Local Rule 56.1 Statement of Undisputed Material Facts in the public record.  Plaintiffs also request the Indemnity's motion seeking to file the Maryland Complaint under seal be denied.

        Respectfully submitted,

        AXIOM INSURANCE MANAGERS
        AGENCY, LLC and DAN DJORDJEVIC

        By:  /s/ Richard R. Winter
            One of their attorneys

Richard R. Winter (ARDC 6195210)
Maureen E. Browne (ARDC 6282583)
Holland & Knight LLP
131 S. Dearborn Street, 30th Fl.
Chicago, Illinois  60603
Phone: 312-263-3600
Fax: 312-578-6666
e-mail: rich.winter@hklaw.com
e-mail: maureen.browne@hklaw.com

#10627134_v3

**CERTIFICATE OF SERVICE**

    The undersigned certifies that a true and correct copy of the foregoing Motion for Leave to File Plaintiffs' Memorandum in Support of Motion for Partial Summary Judgment and Local Rule 56.1 Undisputed Statement of Material Facts in the public record, was filed via the Court's electronic filing system and that service upon all counsel of record for the defendant pursuant to the ECF for filing users this 22nd day of September, 2011.

                                                __/s/ Richard R. Winter_____